# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 25, 2008

Charles R. Fulbruge III
Clerk

No. 05-40934
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MIGUEL ANGEL ESPARZA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2502-ALL

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Esparza appeals following his jury trial conviction on one count of possession with intent to distribute in excess of five kilograms of cocaine. Esparza challenges the sufficiency of the evidence, arguing that there was not sufficient proof that he knew that a controlled substance was hidden in the vehicle he was driving.

Because Esparza failed to renew his motion for a judgment of acquittal at the close of all the evidence, this court reviews his sufficiency challenge only to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determine "whether his conviction resulted in a manifest miscarriage of justice." United States v. Inocencio, 40 F.3d 716, 724 (5th Cir. 1994). A manifest miscarriage of justice exists "only if the record is devoid of evidence pointing to guilt, or . . . because the evidence on a key element of the offense was so tenuous that a conviction would be shocking." United States v. Pierre, 958 F.2d 1304, 1310 (5th Cir. 1992) (en banc) (internal quotations and citations omitted).

Guilty knowledge may sometimes be inferred from control of a vehicle containing contraband, but where, as here, the contraband is concealed, this court requires the Government to produce additional evidence that the defendant knew about it. United States v. Diaz-Carreon, 915 F.2d 951, 954 (5th Cir. 1990). Statements that are inconsistent, false, or implausible may establish consciousness of guilt. See United States v. Cuellar, 478 F.3d 282, 295 (5th Cir.) (en banc), cert. granted, 128 S. Ct. 436 (2007).

The record shows that Esparza made inconsistent statements regarding the length of time he had owned the vehicle and that Esparza falsely told federal authorities that he was on his way to visit his aunt in a San Antonio hospital. In view of these statements, the jury could reasonably have concluded that Esparza knew that the vehicle he was driving contained a controlled substance. See Cuellar, 478 F.3d at 295; Diaz-Carreon, 915 F.2d at 954-55. Esparza's conviction was not "a manifest miscarriage of justice." Pierre, 958 F.2d at 1310 (internal quotations omitted). Accordingly, the judgment of the district court is AFFIRMED.